Jaime **MEDRANO** and Maribel Medrano, husband and wife, Plaintiffs–Appellants,

v.

**FLAGSTAR BANK, FSB**, a Federal Savings Bank; Exodus Financial Corporation, a Nevada corporation formerly known as Doe 1; Jane Fowler Kelleher, formerly known as Doe 2; Stratham Montecito West, a California corporation; Strategic Sales and Marketing Group, a California corporation; Janis Kim Randazzo, individually and responsible managing officer of Strategic Sales and Marketing Group; Fernando Cordero, individually and responsible managing officer of Exodus Financial Corporation; Dora Senaida Cordero, Defendants–Appellees,

and

Protofund Mortgage Corporation, a California corporation, Defendant.

No. 11–55412.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2012.

Filed Dec. 11, 2012.

Jerome Zamos, Law Offices of Jerome Zamos, Woodland Hills, CA, for Plaintiffs–Appellants.

Carol Lynn Vallely, Law Office of Carol L. Vallely, Verdugo City, CA, Frederick Haist, Esquire, Roland P. Reynolds, Palmer, Lombardi & Donohue LLP, Dale A. Arakawa, Esquire, Lisa Gruen, Esquire, Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Los Angeles, CA, Donald W. Fisher, Esquire, Andrew K. Ulich, Esquire, Ulich & Terry, LLP, Newport Beach, CA, for Defendants–Appellees.

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

## MEMORANDUM *

Plaintiffs Jaime and Maribel Medrano appeal the district court's orders dismissing their claims against Defendants Flagstar Bank, FSB; Exodus Financial Corporation; Jane Fowler Kelleher; Stratham Montecito West; Strategic Sales and Marketing Group; Janis Kim Randazzo; Fernando Cordero; and Dora Senaida Cordero. On appeal, Plaintiffs challenge the dismissal of their federal claim under 12 U.S.C. § 2607 and their state-law claim for reformation and declaratory relief regarding Maribel's alleged community-property interest.[1] Reviewing de novo, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir.2011), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Plaintiffs also challenge the district court's dismissal of their claim against Defendant Flagstar under 12 U.S.C. § 2605. We address that claim in an opinion filed on this date.

1. The district court correctly dismissed Plaintiffs' § 2607 claim because there is no allegation that any defendant received kickbacks or unearned fees. Non-disclosure of the assignment of an interest in a promissory note is not a kickback or unearned fee, and the asserted section of the Real Estate Settlement Procedures Act does not provide a remedy for non-disclosure. 12 U.S.C. § 2607(a)–(c). Because Plaintiffs' claim fails on the merits, we need not reach the question of its timeliness.

2. The district court properly dismissed the state-law claim that Maribel held a community-property interest in the residence. All relevant documents show that Jaime owned the house as separate property. In the absence of a plausible allegation that Maribel did not acquiesce in this result, those documents control. *See Lucas v. Lucas (In re Marriage of Lucas)*, 27 Cal.3d 808, 166 Cal.Rptr.853, 614 P.2d 285, 288 (1980) ("[T]he affirmative act of specifying a form of ownership in the conveyance of title . . . removes such property from the more general [community property] presumption."); *Brooks v. Robinson (In re Marriage of Brooks)*, 169 Cal. App.4th 176, 86 Cal.Rptr.3d 624, 631 (2008) ("[T]he description in a deed as to how title is held is presumed to reflect the actual ownership interests in the property.").

**AFFIRMED.**